UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEMARIO ALLEN,

        Petitioner,                      Case No. 1:23-cv-1144

v.                                              Honorable Ray Kent

JOHN DAVIDS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has consented to a United States Magistrate Judge conducting all proceedings in the case. (Pet., ECF No. 1, PageID.14.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I. Factual Allegations

Petitioner Demario Allen is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility in Ionia, Ionia County, Michigan. Plaintiff is serving sentences imposed in two separate Berrien County Circuit Court criminal proceedings. In the first-completed criminal proceeding, Berrien County Circuit Court Case No. 09-000846-FH (herein the "drug delivery case"), the jury convicted Petitioner on three counts of delivery of methylenedioxymethamphetamine (MDMA or ecstasy), in violation of Mich. Comp. Laws § 333.7401(2)(b)(i), and one count of possession of that controlled substance, in violation of Mich. Comp. Laws § 333.7403.(2)(b)(i). On July 13, 2009, the court sentenced Petitioner to concurrent prison terms of 15 to 40 years on each delivery count and 6 years, 4 months to 20 years on the possession count. This criminal proceeding was the first completed, but it was actually the later crime.

In the second-completed criminal proceeding, Berrien County Circuit Court Case No. 09-001840-FC (herein the "drug robbery case"), Petitioner pleaded guilty to one count of armed robbery, in violation of Mich. Comp. Laws § 750.529, two counts of kidnapping, in violation of Mich. Comp. Laws § 750.349, one count of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2), and one count of use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On November 20, 2009, the court

2

sentenced Petitioner to prison terms of 30 to 75 years for armed robbery and kidnapping, 13 years, 4 months to 20 years for first-degree home invasion count, and 2 years for felony-firearm.[1]

As explained in the Michigan Court of Appeals opinion regarding the drug delivery case, the crimes were related:

> On January 18, 2009, defendant was arrested for an alleged armed robbery of 300 ecstasy pills from another man on January 1, 2009. Defendant was held in the Berrien Township Police Department for approximately four hours before being transported to the receiving area of the Berrien County jail. He was then in the holding area for about two-and-a-half days before moving upstairs to a different dormitory.
>
> Shortly after defendant was booked into the upstairs dormitory, another inmate wrote to a deputy stating that he had information about ecstasy pills in the jail. The officer questioned that inmate and then questioned many other inmates, including defendant, about the ecstasy pills.
>
> At trial, many inmates testified that defendant brought the ecstasy pills into jail in his underwear, which avoided detection during the pat-down searches. They also testified that defendant either gave them pills or directed some of them to give pills to other inmates. Multiple pills were collected by the deputies from inmates and from a medical cabinet, and were admitted into evidence at trial.

*People v. Allen*, No. 294474, 2010 WL 5129671, at *1 (Mich. Ct. App. Dec. 16, 2010).

Petitioner directly appealed his convictions in the drug delivery case to the Michigan Court of Appeals. By opinion issued December 16, 2010, the court of appeals affirmed Petitioner's convictions and sentences. By that time, however, Petitioner had entered his guilty plea in the drug robbery case, sought leave to appeal his convictions in that case, and been denied leave. Order,

---

[1] Based on Petitioner's reported Earliest Release Date—August 26, 2054—and his Maximum Discharge Date—April 26, 2106—it is apparent that the court imposed the sentences consecutively such that the combined minimums are 45 years, 4 months, and the combined maximums are 97 years. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=732946 (last visited Nov. 15, 2023). Based on those release dates, it is also apparent that Petitioner's sentences in the drug robbery case are concurrent with, and essentially subsume, his sentences in the drug delivery case.

3

*People v. Allen*, No. 299616 (Mich. Ct. App. Sept. 21, 2010), https://www.courts.michigan.gov/4a3a89/siteassets/case-documents/uploads/coa/public/orders/2010/299616(6)_order.pdf (last visited Nov. 15, 2023). Perhaps for that reason, Petitioner did not seek leave to appeal that decision to the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2.)

Petitioner's habeas petition does not disclose any further attempt to challenge the drug delivery convictions until March 18, 2022, when he filed a motion for relief from judgment in the Berrien County Circuit Court. (*Id*., PageID.6.) That court entered an order denying relief on June 10, 2022. Petitioner filed applications for leave to appeal that decision in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals application was denied initially by order entered October 11, 2022, and on reconsideration by order entered November 10, 2022. Case Information, *People v. Allen*, No. 362749 (Mich. Ct. App.) https://www.courts.michigan.gov/c/courts/coa/case/362749 (last visited Nov. 15, 2023). The Michigan Supreme Court denied leave by order entered April 4, 2023. *People v. Allen*, 986 N.W.2d 914 (Mich. 2023).

On October 27, 2023, Petitioner filed his habeas corpus petition challenging his convictions in the drug delivery case. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on October 27, 2023. (Pet., ECF No. 1, PageID.14.) The petition was received by the Court on October 30, 2023. The Court will give Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing, *inter alia*, *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006))

4

(holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals. That court denied relief on December 16, 2010.

5

Petitioner did not seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's conviction became final on Thursday, February 10, 2011. Petitioner had one year from that date,[2] until February 10, 2012, to file his habeas application. Petitioner filed on October 27, 2023. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[2] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

Petitioner's March 2022 motion for relief from judgment is a properly filed application for post-conviction review; however, that motion could not toll the period of limitations because it had already expired. The tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*. Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon v. Sherman*, 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired during February of 2012, a collateral motion filed in March of 2022 would not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The only issue raised in the present petition is a claim

that Petitioner was denied an arraignment on the warrant or complaint.[3] (Pet., ECF No. 1, PageID.5.) He does not explain why he waited more than a decade to raise this issue; but he does explain why he did not raise it on direct appeal: he "had no knowledge of this issue . . . ." (*Id.*, PageID.6.) The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'" (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))). Accordingly, based on his submissions to date, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

---

[3] Petitioner explains further that he was not denied an arraignment, he was simply not arraigned on an "arrest warrant" or a "criminal complaint." (Pet., ECF No. 1, PageID.13.)

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not claim that he is actually innocent, but he does claim that he has suffered a miscarriage of justice. He argues that because he was not arraigned on a warrant or complaint, the state court never had subject matter jurisdiction over the proceedings. The Sixth Circuit has concluded that such "jurisdictional" challenges "do not implicate the 'concern about the injustice that results from the conviction of an innocent person,' . . . that underlies 'actual innocence' tolling." *Casey v. Tennessee*, 399 F. App'x 47, 49 (6th Cir. 2010) (quoting *Schlup*, 513 U.S. at 325). Thus, Petitioner's subject matter jurisdiction argument wholly fails to provide evidence of his actual innocence and he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

For all of these reasons, the petition appears to be time-barred. The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:  November 17, 2023                              /s/ Ray Kent
                                                                                Ray Kent
                                                                                United States Magistrate Judge