UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEMAREO ALLEN,

        Petitioner,                        Case No. 1:23-cv-1144

v.                                              Honorable Ray Kent

JOHN DAVIDS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (Pet., ECF No. 1, PageID.14.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Upon initial review, the Court determined that the petition appeared to be untimely. The Court afforded Petitioner an opportunity to show cause why the action should not be dismissed for that reason. (Op. & Order, ECF Nos. 6, 7.) Petitioner filed his response on December 7, 2023.

Taking into account Petitioner's response, the Court concludes that it is not possible to determine the timeliness of the petition without the entire state court record. Plaintiff reports that he "filed several State Habeas Petitions challenging the [trial] court[']s subject matter jurisdiction throughout the years." (Pet'r's Resp., ECF No. 8, PageID.47.) Moreover, the trial court's June 6, 2022, opinion and order denying Petitioner's motion for relief from judgment discloses that, during the pendency of his direct appeal in 2009 and 2010, Petitioner filed some form of motion in the trial court challenging the trial court's subject matter jurisdiction. Op. & Order, *People v. Allen*, No. 2009-000846-FH (Berrien Cnty. Cir. Ct. June 6, 2022), (ECF No. 101, PageID.17–18.) The trial court indicated that the docket did not reflect any order resolving that motion. *Id*.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). It is possible that Petitioner's various state habeas petitions and his long-pending motion regarding the trial court's subject matter jurisdiction operated to toll the running of the statute of limitation for well over a decade. For purposes of preliminary review

3

under Rule 4, therefore, the Court concludes that the petition is not amenable to resolution on timeliness grounds.

Although the record is not sufficiently developed to permit preliminary resolution of the petition based on the statute of limitations, the petition and the materials that Petitioner has attached allow the Court, even on preliminary review, to determine that Petitioner fails to raise a meritorious federal claim. Thus, after undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed.

## Discussion

### I.      Procedural History

Petitioner Demareo Allen is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility in Ionia, Ionia County, Michigan. Plaintiff is serving sentences imposed in two separate Berrien County Circuit Court criminal proceedings. In the first-completed criminal proceeding, Berrien County Circuit Court Case No. 09-000846-FH (herein the "drug delivery case"), the jury convicted Petitioner on three counts of delivery of methylenedioxymethamphetamine (MDMA or ecstasy), in violation of Mich. Comp. Laws § 333.7401(2)(b)(i), and one count of possession of that controlled substance, in violation of Mich. Comp. Laws § 333.7403.(2)(b)(i). On July 13, 2009, the court sentenced Petitioner to concurrent prison terms of 15 to 40 years on each delivery count and 6 years, 4 months to 20 years on the possession count. This criminal proceeding was the first completed, but it was actually the later crime.

In the second-completed criminal proceeding, Berrien County Circuit Court Case No. 09-001840-FC (herein the "drug robbery case"), Petitioner pleaded guilty to one count of armed robbery, in violation of Mich. Comp. Laws § 750.529, two counts of kidnapping, in violation of Mich. Comp. Laws § 750.349, one count of first-degree home invasion, in violation of Mich.

Comp. Laws § 750.110a(2), and one count of use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On November 20, 2009, the court sentenced Petitioner to prison terms of 30 to 75 years for armed robbery and kidnapping, 13 years, 4 months to 20 years for first-degree home invasion count, and 2 years for felony-firearm.[2]

As explained in the Michigan Court of Appeals opinion regarding the drug delivery case, the crimes were related:

> On January 18, 2009, defendant was arrested for an alleged armed robbery of 300 ecstasy pills from another man on January 1, 2009. Defendant was held in the Berrien Township Police Department for approximately four hours before being transported to the receiving area of the Berrien County jail. He was then in the holding area for about two-and-a-half days before moving upstairs to a different dormitory.
>
> Shortly after defendant was booked into the upstairs dormitory, another inmate wrote to a deputy stating that he had information about ecstasy pills in the jail. The officer questioned that inmate and then questioned many other inmates, including defendant, about the ecstasy pills.
>
> At trial, many inmates testified that defendant brought the ecstasy pills into jail in his underwear, which avoided detection during the pat-down searches. They also testified that defendant either gave them pills or directed some of them to give pills to other inmates. Multiple pills were collected by the deputies from inmates and from a medical cabinet, and were admitted into evidence at trial.

*People v. Allen*, No. 294474, 2010 WL 5129671, at *1 (Mich. Ct. App. Dec. 16, 2010).

Petitioner directly appealed his convictions in the drug delivery case to the Michigan Court of Appeals. By opinion issued December 16, 2010, the court of appeals affirmed Petitioner's convictions and sentences. By that time, however, Petitioner had entered his guilty plea in the drug

---

[2] Based on Petitioner's reported Earliest Release Date—August 26, 2054—and his Maximum Discharge Date—April 26, 2106—it is apparent that the court imposed the sentences consecutively such that the combined minimums are 45 years, 4 months, and the combined maximums are 97 years. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=732946 (last visited Dec. 15, 2023). Based on those release dates, it is also apparent that Petitioner's sentences in the drug robbery case are concurrent with, and essentially subsume, his sentences in the drug delivery case.

5

robbery case, sought leave to appeal his convictions in that case, and been denied leave. Order, *People v. Allen*, No. 299616 (Mich. Ct. App. Sept. 21, 2010), https://www.courts.michigan.gov/4a3a89/siteassets/case-documents/uploads/coa/public/orders/2010/299616(6)_order.pdf (last visited Dec. 15, 2023). Perhaps for that reason, Petitioner did not seek leave to appeal the drug delivery convictions to the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2.)

Petitioner's habeas petition does not disclose any further attempt to challenge the drug delivery convictions until March 18, 2022, when he filed a motion for relief from judgment in the Berrien County Circuit Court.[3] (*Id.*, PageID.6.) That court entered an order denying relief on June 10, 2022. Petitioner filed applications for leave to appeal that decision in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals application was denied initially by order entered October 11, 2022, and on reconsideration by order entered November 10, 2022. Case Information, *People v. Allen*, No. 362749 (Mich. Ct. App.) https://www.courts.michigan.gov/c/courts/coa/case/362749 (last visited Dec. 15, 2023). The Michigan Supreme Court denied leave by order entered April 4, 2023. *People v. Allen*, 986 N.W.2d 914 (Mich. 2023).

On October 27, 2023, Petitioner filed his habeas corpus petition challenging his convictions in the drug delivery case raising one issue:

> Petitioner's Fourteenth amendment constitutional rights to due process and equal protection of the law were violated when Petitioner was deprived of the mandatory procedure of [Michigan Court Rule] 6.104, "ARRAIGNMENT ON THE WARRANT OR COMPLAINT." On February 27, 2009, the district court held an arraignment against the Petitioner without issuing an arrest warrant and nor did the prosecutor file a criminal complaint to properly charge the Petitioner with an offense/crime.

---

[3] As noted above, however, Petitioner's response to the order to show cause indicates that he may have filed multiple additional challenges to the drug delivery convictions during and after his direct appeal.

6

(Pet., ECF No. 1, PageID.5.)[4]

## II. AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to

---

[4] In this opinion, the Court corrects the punctuation in quotations from the petition.

an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate

courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III. Trial Court Jurisdiction

Petitioner's claim is premised on the requirements of Michigan Court Rule 6.104, which provides: "Unless released beforehand, an arrested person must be taken without unnecessary delay before a court for arraignment in accordance with the provisions of this rule . . . ." Mich. Ct. R. 6.104(A).[5] The rule further provides:

---

[5] The arraignment is not the first step in the process. A criminal prosecution in the state of Michigan typically commences with a complaint, "a written accusation that a named or described person has committed a specified offense." Mich. Ct. R. 6.101(A). A proper complaint, in turn, can provide the basis for the court to find probable cause to support the issuance of an arrest warrant. Mich. Ct. R. 6.102. After the accused has been arrested, the court must arraign him, Mich. Ct. R. 6.104, and thereafter conduct a preliminary examination to determine whether probable cause exists to

9

> If an accused is arrested without a warrant, a complaint complying with MCR 6.101 must be filed at or before the time of arraignment. On receiving the complaint and on finding probable cause, the court must either issue a warrant or endorse the complaint as provided in MCL 764.1c. Arraignment of the accused may then proceed in accordance with subrule (E).

Mich. Ct. R. 6.104(D).

Petitioner contends that he was arrested and arraigned without issuance of a warrant or the filing of a complaint. Petitioner bases that contention on the Berrien County Circuit Court's register of actions for the drug delivery prosecution. He attached the first page of the register to his response to the Court's order to show cause. (ECF No. 8-1, PageID.51.) The register shows the first event to be the arraignment. (*Id.*) Although the register entry shows that the trial court advised Petitioner of the content of the "C&W," the complaint and warrant, there are no register entries that reflect that the complaint or warrant were filed. (*Id.*) Petitioner claims that because his reading of the record suggests that the filing of the complaint (and or warrant) did not precede the arraignment, the trial court was deprived of subject matter jurisdiction, his convictions are void, and he must be released.

The trial court did not agree:

> [Petitioner's] motion is without merit as a complaint was properly filed in this matter and signed by the Clerk on February 27, 2009. [Petitioner] was arraigned on the same date with the complaint being utilized by the arraigning judge to inform the defendant of the charges against him. The court[']s [Register of Actions,] "ROA["] does not begin until the arraignment. In other words the ROA does not begin with the issuance of the complaint.
>
> Additionally, [Petitioner] was already an inmate of the Berrien County Jail when the offenses alleged in the complaint were committed and consequently the

---

believe that an offense has been committed and that the accused committed it, Mich. Ct. R. 6.110. If the court so determines, the accused is bound over for trial in the circuit court, *id.*, and the prosecutor must file an information setting forth the substance of the accusation and, to the extent possible, the time and place of the alleged offense, Mich. Ct. R. 6.112. The accused is arraigned again in the circuit court based on the information, Mich. Ct. R. 6.113, the matter then proceeds through discovery and trial or entry of a plea, depending on the case.

10

> complaint was filed by the prosecuting attorney following investigation into the new allegations.

Op. & Order, *People v. Allen*, No. 2009-000846-FH (Berrien Cnty. Cir. Ct. June 6, 2022), (ECF No. 101, PageID.18–19.)

### A. Petitioner Raises State-Law Issues

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether the state properly conducted the criminal proceedings as required under state law "is no part of the federal court's habeas review of a state conviction . . . [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id*. at 67–68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68.

Petitioner bases his claim on the trial court's failure to comply with the requirements of Michigan Court Rule 6.104. Thus, the crux of his claim is that the state court violated state law. Such a claim is not cognizable on habeas review.

Moreover, the state court determined that Petitioner's reading of the record was wrong and that proper procedure was followed as a matter of fact and state law. The state court's factual determinations regarding the record are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner can rebut the presumption with clear and convincing evidence; but he offers no evidence to counter the state court's factual determinations. And this Court is bound by the state court's decision regarding state law. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Accordingly, the state court's determination that there were no procedural defects with regard to the warrant, complaint, and arraignment conclusively resolves the matter for purposes of habeas review. Similarly, the trial court's ultimate determination that it had subject matter jurisdiction over Petitioner's criminal proceedings conclusively establishes jurisdiction on habeas review. *See, e.g.*, *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001) (stating that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review"). This Court must reject the very premise of Petitioner's claim.

**B.     Federal Constitutional Claims**

The Court is bound by the state court's determination that proper state court procedures were followed. Nonetheless, it is not impossible that Michigan's procedures—even properly followed—ran afoul of the due process guarantee.

The Due Process Clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him so as to provide him an adequate opportunity to prepare his defense. *See, e.g.*, *In re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. *Combs v. State of Tennessee*, 530 F.2d 695, 698 (6th Cir. 1976). Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Id*. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira*, 806 F.2d at 639. In other words, as long as "sufficient notice of the charges is given in some . . . manner" so

12

that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Watson*, 558 F.2d at 338.

Although Petitioner offers the conclusory assertion that his due process rights were violated, that "violation" consists entirely of the alleged failure of the state court to follow its own rules. Petitioner does not claim that any of the due process notice requirements were lacking in his criminal prosecution. Accordingly, Petitioner has failed to show that the state court's rejection of his constitutional claims was contrary to, or an unreasonable application of, clearly established federal law. He is not entitled to habeas relief.

## IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a

full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   December 28, 2023              /s/ Ray Kent
                                        Ray Kent
                                        United States Magistrate Judge