UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DEMAREO ALLEN,

        Petitioner,                   Case No. 1:23-cv-1144

v.                                        Honorable Ray Kent

JOHN DAVIDS,

        Respondent.
_____/

**ORDER DENYING RECONSIDERATION**
**REGARDING CERTIFICATE OF APPEALABILITY**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On December 28, 2023, the Court entered a judgment denying the petition. (ECF No. 11.) Petitioner now has filed a notice of appeal. Petitioner has also filed a motion for certificate of appealability, (ECF No. 18), which the Court construes as a motion for reconsideration of its prior order denying a certificate of appealability, (ECF No. 10).

        Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a). Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a correction thereof." *Id*.

        Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. Fed. R. App. P. 22(b). *See Lyons v. Ohio Adult*

*Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). And Petitioner has consented to the dispositive jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.14.)

The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). In this case, however, Petitioner's motion for a certificate of appealability reveals that the focus of the appeal is the Court's resolution of the single issue raised in his petition.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard a petitioner must meet depends on whether his petition was denied on the merits or on procedural grounds.

Here, the Court denied the petition on the merits. To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. For all the reasons set

forth in the Court's initial opinion and order denying relief and a certificate of appealability (ECF Nos. 9 and 10), and the Court's order denying Petitioner's motion for reconsideration, (ECF No. 15), the Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for certificate of appealability (ECF No. 18), construed as a motion for reconsideration is **DENIED**.

Dated:  February 7, 2024                                 /s/ Ray Kent
                                                         Ray Kent
                                                         United States Magistrate Judge